Dear Captain Bruce:
In your letter of July 6, 1998, you have requested an opinion from our office regarding an upcoming election for chief of police in Vidalia, Louisiana. You advise in your letter that three current employees of the police department are running for such position.
In your letter you ask the following:
 1. Do these employees have to take a leave of absence from the date of qualification to post election since they would be receiving governmental pay while campaigning?
 2. If they do not have to take a leave of absence, but one chooses to do so, will the others be required to also, or do they continue to draw the taxpayers' money while campaigning?
While LSA-R.S. 42:61 et seq., discusses the topic of dual officeholding, the statutes do not mention preelection activities. They provide certain prohibitions with regard to dual officeholding after one has been elected or appointed to an office. My research on the subject reveals no prohibitions for preelection activities and the requirement of a leave of absence while running for office. Therefore, active police officers would not be required to take a leave of absence to prepare for the election of chief of police.
With regard to your second question, there is no requirement for taking a leave of absence when another police officer running for the position does so. Any police officer running for the position or any position, should take care to prevent any campaign activities from interfering with the fulfillment of their job or office responsibilities.
LSA-R.S. 18:1465, provides the following:
 § 1465. Prohibited use of public funds
 A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
 B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine of not more than one thousand dollars or imprisonment for not more than one year, or both.
The statute clearly prohibits and provides criminal sanctions for campaigning while on duty.
Therefore, it is the opinion of this office that a leave of absence is not required when employees of the police department run for the position of chief of police, but such persons should be mindful of the general requirement prohibiting campaign activities from interfering with the job requirements of such police officers.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB:glb
Date Received:
Date Released:
CHARLES H. BRAUD, JR.Assistant Attorney General